STECKLER v. SPICUZZA

(February 2, 1931. Opinion and Decree.)

Frymire & Ramos and R. R. Hagen and C. L. Stiffell, of New Orleans, attorneys for plaintiff, appellee.

M. W. Heard and Wm. W. Ogden, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. During the early part of the year 1927, plaintiff, Joseph Steckler, desiring to dispose of certain household articles including pictures, furniture. etc., arranged with defendant, Paul T. Spicuzza, a licensed and bonded auctioneer, for the sale of the said articles.

This suit is for the alleged value of three items, which according to plaintiff, have never been accounted for by the auctioneer.

Union Indemnity Company was surety on the bond of the auctioneer, executed in compliance with the provisions of section 140 of the Revised Statutes of Louisiana as amended by Act 45 of 1908, and that company is therefore made party defendant and a solidary judgment is sought by plaintiff against the two defendants.

In the petition the articles for the value of which the suit is brought are listed and valued as follows:

One antique Japanese dresser, $200.

One oil painting, "Old Salt," $100.

One shadow picture, $50.

In addition to the principal amount of $350 claimed from both defendants, plaintiff also seeks to recover from the bonding company, as attorney fees, an additional 10 per cent on the principal claim, in accordance with the provisions of Act 225 of 1918.

The defense as to the two pictures is that they were sold for the sum of $20, and to this extent Spicuzza concedes he is liable, since he admits that he has over-looked accounting to Steckler for this sum. As to the third article, the antique Japanese dresser, Spicuzza claims that he was unable to effect a sale because of the limit placed thereon by Steckler, and that he therefore stored it in a public warehouse, where it still remains.

The trial court was of the opinion that Spicuzza should be held liable for the value of all three articles and, having fixed this value at $300, rendered judgment against both defendants for this sum.

The matter is now before us on suspensive appeal perfected by Union Indemnity Company, and appellee has moved to dismiss this appeal because of the fact that no appeal has been taken by Spicuzza, the other defendant.

### ON MOTION TO DISMISS

The motion to dismiss will be overruled because Spicuzza's failure to appeal cannot be permitted to deprive the other defendant, sought to be solidarily held, of its right to have this case reviewed by this court.

If it can be said that Spicuzza is a necessary party on appeal, then, since he has not appealed, he should be considered as an appellee, because "in an appeal taken by motion in open court at the same term, all parties to the suit who are not appellants are appellees, and all are concluded by the judgment rendered on appeal." Guy et al. v. McDuffie et al., 123 La. 641, 49 So. 222.

To the same effect, in Richardson v. Zuntz, 26 La. Ann. 313, in which it was sought to dismiss the appeal on the ground that all parties interested in the judgment had not been made parties, the Supreme Court said:

"The last objection is untenable. We find in the record an order for an appeal granted on motion in open court, and the bond is executed in favor of the clerk. We think that all the parties who have not appealed are appellees."

Mover relies largely on Duggan v. Francisco De Paulo De Lizardi, 5 Rob. 224, in which the Supreme Court said:

"One who appeals must bring before the Supreme Court all the parties, contradictorily with whom the judgment complained of was rendered, and who are interested in its remaining undisturbed."

But it cannot be said that Spicuzza was interested in the judgment remaining undisturbed, and thus the reasoning of that case and also of McCutchen v. Hudson, 132 La. 177, 61 So. 157, in which similar language is used, has no application here.

On a first reading of the opinion of the Supreme Court in Drew v. Atchison, 3 Rob. 140, the impression might be gained that that case is authority supporting the contention made in the motion to dismiss, but

a more careful study of that opinion shows that there was not a solidary judgment but a joint one which was sought to be obtained, and it was held that under article 2085 (old 2080) of the Civil Code, where a joint judgment is sought against two or more defendants all must join in the appeal.

However, where a solidary judgment is sought, that is, where it is attempted to hold each defendant liable for the whole amount claimed, it appears to us that each should have a separate and distinct right of appeal, regardless of whether or not any of the others have availed themselves of that right.

## ON THE MERITS

It is evident that two of the items, the shadow picture and the picture known as "Old Salt" have not been accounted for, and therefore, at least to the extent of their value, the judgment should be affirmed. What that value is we find it difficult to determine. It is claimed by plaintiff that it was agreed between him and Spicuzza that the shadow picture was valued at $100 and the painting "Old Salt" at $50, and he contends that this agreement is evidenced by the fact that in a memorandum given to Mr. Steckler by Spicuzza and showing certain articles which had not been sold, these figures appear after the items referred to. Spicuzza contends that the figures as shown in the memorandum were not placed there by him and it is rather odd that values appear in that memorandum after the three articles in question but do not appear after any of the others.

It is also strange that in contending that the true values of the articles are the figures said to have been placed on the memo-

randum by the auctioneer, Steckler has not noticed that the figures are not the same as those claimed by him in his petition. For instance, his petition gives the values as follows:

One oil painting, "Old Salt," $100.
One shadow picture, $50.

The memorandum gives the values as follows:

One shadow box picture, $100.
One painting, "Old Salt," $50.

Nevertheless on this question of fact the trial court seems to have come to the conclusion that the two pictures were worth $100, and the evidence is not sufficient to warrant our changing that figure.

The other item, however, the antique Japanese dresser, we believe from the evidence, is still in storage in a public warehouse and is accessible to plaintiff. It is true that the evidence shows conclusively that for a long time plaintiff endeavored to obtain from Spicuzza either the return of the dresser or information as to where it could be located, and that he was unsuccessful in these attempts. Nevertheless the information seems to be now available, and plaintiff is not justified in assuming the attitude that he is no longer interested in the dresser and that he may claim from Spicuzza and Spicuzza's surety the value thereof. We cannot say that the evidence did not justify a finding below that the dresser was worth $200.

As to the claim for 10 per cent attorney's fees as provided for in Act 225 of 1918, we are of the opinion that no such allowance should be made, since the full amount prayed for has not been awarded

plaintiff and that act provides that attorney's fees "shall only be recoverable where the full amount claimed by the suitor is recovered." Madison Lumber Co. v. Federal Surety Company et al., 13 La. App. 577, 128 So. 50, 52.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by granting judgment in favor of the plaintiff, Joseph Steckler, and against the defendants, Paul T. Spicuzza and the Union Indemnity Company, jointly, severally, and in solido, in the full sum of $100, with legal interest thereon from judicial demand until paid; and it is further ordered that there be judgment in favor of plaintiff, Joseph Steckler, and against the defendants, Paul T. Spicuzza and the Union Indemnity Company ordering, directing and condemning defendants to return unto the plaintiff at his home the antique Japanese dresser, as described in the petition, free of any and all storage charges, or other cost and expenses whatsoever, within five days from the time this judgment becomes final, reserving to the plaintiff his right to sue defendants for any damages which said dresser may have sustained through the fault of defendants; and in the alternative, in the event said defendants shall not comply with this judgment by delivering the said dresser at the time and place herein provided, that there be judgment in favor of the plaintiff, Joseph Steckler, and against the defendants, Paul T. Spicuzza and Union Indemnity Company, jointly, severally, and in solido, for the value of the said dresser, namely, the sum of $200, with legal interest from judicial demand until paid; and, as thus amended, the judgment is affirmed, defendants to pay the costs of both courts.

Judgment amended and, as amended, affirmed.