**PARKS v. HALL et al., and three other cases.**

Nos. 5439–5442.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for appellants.

McHenry, Lamkin & Lamkin and Shotwell & Brown, all of Monroe, for appellee.

TALIAFERRO, Judge.

The judgments in each of these cases condemned the defendants, viz: M. L. Gans, his employee and car operator, Harvey Hall, and the insurer, Phœnix Indemnity Company, in solido. Gans and the insurer only appealed. By a divided court, we reversed the judgments so far as they condemned the two appellants. In application for rehearing, each plaintiff complained of the judgment of this court only in so far as it exonerated the insurer from liability. On reconsideration of the case, our

former judgment was reinstated and made final. See opinions in Parks v. Hall, 179 So. 868; Id., 179 So. 877; Hall v. Hall, 179 So. 877; Carbons Consolidated, Inc., v. Hall, 179 So. 878. Writs of review were granted to plaintiffs by the Supreme Court, 181 So. 191. That court, on April 4, 1938, reversed the majority opinion of this court and held that under the "omnibus clause" of the insurance policy sued on, the insurer was responsible to plaintiffs for damages sustained by them in or through the collision between the Gans car and that driven by Edward Parks, one of the plaintiffs, but remanded the cases to this court for fixing of quantum.

The lower court awarded damages to plaintiffs in following amounts, viz: Edward Parks, $7,282.20; Isom Parks, $175; Arzellous Hall, $1,025; Carbons Consolidated, Inc., $308.65; with five per cent interest from judicial demand.

The insurer complains that the awards in favor of Edward Parks and Arzellous Hall are excessive. In the other two cases the correctness of the quantum is not assailed.

There is no serious dispute as regards the nature and extent of the injuries which Edward Parks suffered when the car he was driving violently collided with the one driven by defendant Harvey Hall. The most serious injury involved the elbow joint of his left arm. At that joint there was a compound comminuted fracture. It is referred to as a "crushing" injury. The greater part of the joint or articular surface of the bones was destroyed. The lower end of the humerus was injured more seriously than the upper ends of the fore arm bones. The muscles, flesh and tissue about the joint were bruised and torn. The dislocation was reduced and immobilization secured by application of splints. It is undisputed that complete ankylosis at the joint will result, and that flexion of the ·joint will be completely destroyed. This condition will be permanent. In other words, that the arm, from the shoulder joint to the wrist joint, will be rigid. The loss of use of it will not be total, but materially impaired. It will be useful to pick up objects and to transfer them about. Sense of feeling of the little and ring fingers is to a degree impaired on account of involvement of nerves therein, but most likely this deficiency will cease from regular use of the arm and hand. It is not questioned that although impaired as we find it to be, plaintiff's handicap on that account is not nearly so serious as it would be had the entire arm been lost by amputation. It will continue to be of use in all things where flexion is not required. This plaintiff was severely shocked from the car's impact. There were many minor bruises and abrasions over his body. He was immediately carried to a sanitarium in the City of Monroe, Louisiana, and remained therein for 35 days. He experienced severe pains during the greater part of this period, and thereafter pain of lesser intensity intermittently bothered him. Sedatives were given him during the first three weeks of his stay in the sanitarium. The wound only ceased discharging some two weeks before the trial, which was three months and eighteen days after the accident. He is of the colored race, 37 years old, and farmed for a living. His crop averaged approximately four bales per annum.

The lower court allowed this plaintiff $7,000 for pain, suffering and impairment of the arm. After mature consideration of all the facts bearing thereon, and a review of many cases wherein damages were allowed for loss of an arm, we arrive at the conclusion that this award is excessive to the extent of $2,000.

The court in Doiron v. Baker-Wakefield Cypress Co., 131 La. 618, 59 So. 1010, allowed $5,000 for total loss of the right hand and part of forearm of a sixteen year old boy.

In New Orleans Great N. Ry. Co. v. S. T. Alcus & Co., 159 La. 36, 105 So. 91, $5,000 was awarded for loss of a foot and part of one leg.

In Jackson, Tutor, v. St. Louis S. W. Ry. Co., 52 La.Ann. 1706, 28 So. 241, a fourteen year old boy was given $4,000 for loss of his left arm.

A young man, nineteen years of age, who earned his living by manual labor, was awarded $7,500 for the loss of his right hand in Rogers v. Hiram J. Allen Lumber Co., 129 La. 900, 57 So. 166, 39 L.R.A.,N. S., 202.

In Lapeze v. O'Keefe et al., La.App., 158 So. 36, plaintiff, a young woman, preparing herself for the profession of teaching, was given judgment for a total of $6,500 for pain and suffering and loss of her right hand and greater part of the right forearm.

In Willis v. Cahn et al., 164 So. 452, this court reduced a judgment for damages in favor of plaintiff, a colored man, forty

years of age, from $7,000 to $5,000. He had not lost a member of his body, but the physical injuries sustained by him in their ultimate effect were more serious than has been suffered by plaintiff at bar.

Many other cases wherein awards in keeping with the average of the foregoing, in which an arm, a hand, foot or leg was lost, could be cited. Some awards have been given for similar or like injuries, or loss of use of a member, in excess of any we have cited. Absolute uniformity in fixing damages in this character of case is, of course, impossible. Each case, in the main, must be determined from its own peculiar facts.

Arzellous Hall was not seriously injured. No bones were fractured, and he received but one deep flesh wound. There were many contusions and bruises over his body. He spent but a few hours in a sanitarium, where his injuries were treated, and then went to his home. He was treated by a physician three weeks, but was not confined to bed for this time. He suffered shock from the impact, and pain, more or less, for some days thereafter. He was awarded $1,000 for his injury, shock, pain, etc. We are forced to the conclusion that this amount should be reduced to $600.

The judgments appealed from are now final as to Harvey Hall, as he did not appeal, and more than one year has elapsed since their rendition and signing. This status does not bar the insurance company from contesting the correctness of the judgments, in any respect, as has been done by it. E. S. Jaffray & Co. v. H. Moss & Co. et al., 41 La.Ann. 548, 6 So. 520; Steckler v. Spicuzza, 15 La.App. 485, 132 So. 382.

The judgments rendered by this court in these four cases, in so far as we exonerated Gans from liability, and to that extent reversed the judgments of the lower court, are also final now. Gans has entirely passed out of the case as a defendant. Under the Supreme Court's ruling, above mentioned, the Phœnix Indemnity Company is responsible to plaintiffs in solido with Harvey Hall, to the extent of the quantum as shall be fixed by this court in each case.

For the reasons herein assigned, it is now ordered, adjudged and decreed,—

1. That the judgments appealed from, in favor of Carbons Consolidated, Inc., and Isom Parks, in so far as they condemn Harvey Hall and the Phœnix Indemnity Company in solido for payment thereof, are hereby affirmed;

2. That the judgment in favor of Arzellous Hall and against Harvey Hall and the Phœnix Indemnity Company in solido be and same is hereby amended so as to limit the in solido liability of the Phœnix Indemnity Company thereunder to the principal sum of $625;

3. That the judgment in favor of Edward Parks and against Harvey Hall and the Phœnix Indemnity Company in solido be and same is hereby amended so as· to limit the in solido liability of the Phœnix Indemnity Company thereunder to the principal sum of $5,282.20.

And, except in so far as herein or heretofore amended, the judgments appealed from are affirmed with ·costs.