75 So.2d 554 (1954)
Leo WAINWRIGHT et ux., Plaintiffs-Appellees,
v.
GLOBE INDEMNITY COMPANY et al., Defendants-Appellants.
No. 8202.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1954.
*555 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellants.
Love & Rigby, Shreveport, for appellees.
AYRES, Judge.
The object of this suit is to recover judgment for damages and personal injuries sustained by plaintiffs, husband and wife, in a collision occurring at approximately 9:00 o'clock P.M. December 30, 1952, between their Plymouth automobile, driven at the time by the husband, accompanied by the wife, with a Chevrolet ambulance owned by Benevolent Funeral Home, Inc., at the intersection of Texas and Market Streets in the City of Shreveport. The ambulance struck the Plymouth on its left side, adjacent to Mrs. Wainwright, who was sitting on the left side of the front seat, knocking the Plymouth some 10 to 15 feet and throwing Mrs. Wainwright against the side of the car, particularly against the armrest and door handle.
Plaintiff, Clotilde Wainwright, claimed damages for past, present and future pain and suffering, mental anguish and permanent injuries and disabilities in the sum of $65,000. Plaintiff, Leo Wainwright, claimed damages for repairs to his automobile, for medicines and professional treatment and physicians' and hospital bills for his wife, and other services incidental thereto, in the sum of $19,173.96.
After trial by jury and pursuant to its verdict, judgment was rendered in favor of plaintiff, Leo Wainwright, for the sum of $1,406.24 and in favor of Mrs. Wainwright for $15,000, from which the defendants, Benevolent Funeral Home, Inc., and its insurer, Globe Indemnity Company, prosecute an appeal.
In this court, as in the trial court, defendants admitted liability, and the issue is restricted to the question of quantum or the amount of award. Defendants contend that the awards are excessive and should be reduced. Plaintiffs have answered the appeal, asserting that the awards are inadequate and should be increased.
*556 There is no definite rule applicable to all cases for the measurement of damages in personal injury actions. The amount to be awarded in each case must be determined from its peculiar facts. Le Blanc v. Checker Cab Co., Inc., 8 La.App. 472; Parks v. Hall, La.App., 182 So. 347; Matthews v. Gremillion, La.App., 174 So. 703; Mathews v. Hayne, La.App., 188 So. 462; Keller v. Stevenson, La.App., 6 So. 2d 569; Grissom v. Heard, La.App., 47 So.2d 108.
It is also well recognized that awards made in similar cases are to be considered by the courts so that within the limits permitted by particular states of facts a degree of uniformity will be maintained, so far as possible and practicable, to the end that awards will not be out of all proportion one with the other. Cavicchi v. Gaiety Amusement Co., Inc., La.App., 173 So. 458; Matheny v. United State Fidelity v. New Amsterdam Casualty Co., La.App., 1 So.2d 439; Grissom v. Heard, supra.
Factors to be considered in determining damages for personal injuries include the unprecedented decrease in the purchasing power of money, Scott v. Claiborne Electric Cooperative, Inc., La.App., 13 So.2d 524; Weadock v. Eagle Indemnity Co., La.App., 15 So.2d 132; Kelly v. Neff, La.App., 14 So.2d 657; Burnett v. Yellow Cab Co. of Shreveport, Inc., La. App., 50 So.2d 670, as well as defendants' ability to pay. Gallman v. Young, 6 La. App. 137; Weadock v. Eagle Indemnity Co., supra. Much discretion is left to the judge or jury, Williams v. Pelican Natural Gas Co., Inc., 187 La. 462, 175 So. 28; McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21; Franklin v. Arkansas Fuel Oil Co., 218 La. 987, 51 So.2d 600, and the amount of damages being discretionary, a determination by the trial court or the jury should not be disturbed except for serious and manifest error. Landry v. McNeil Hunter Motor Co., Inc., 11 La.App. 380, 122 So. 293; Thiel v. Kearn, La.App., 34 So.2d 296.
With these general principles in mind we shall now proceed to consider the nature and extent of plaintiffs' damages and injuries. Mrs. Wainwright, who was approximately 52 years of age at the time of the accident, was carried from the scene of the accident by ambulance to Schumpert Sanitarium and thereafter on the same night to the Physicians and Surgeons Hospital, where she was hospitalized for a period of thirteen days. She was treated by Dr. Joe E. Holoubek, Dr. Wallace H. Brown, Dr. Claude M. Pasquier, Jr., Drs. Sutton and Faludi and Dr. D. F. Overdyke, Jr., and by Mrs. Lucy Mell Platt, a physiotherapist. She was examined on one or two occasions by Dr. Willis J. Taylor for the defendants.
On his first examination, Dr. Holoubek testified that she complained of intense pain in her right flank and could not move her right leg except with pain, but that he found no cuts or gross bruises or broken bones but muscle spasms in the back and right leg sufficient to cause, and which, in his opinion, were the sources of pain.
After Mrs. Wainwright had been confined to the hospital for about six days, she developed a thrombophlebitis of the right leg, which was a blood clot in the vein, producing inflammation and swelling. This condition was described as painful and, in all probability, had its cause or origin in the trauma received in the accident. This condition subsided after several days. Dr. Brown, along with Dr. Holoubek, found plaintiff suffered injuries to her chest, and Dr. Overdyke was of the opinion that she suffered a sprain of the lumbodorsal and lumbar spine, plus a contusion and minor sprain of the right hip at the time of the accident. He found also that plaintiff was suffering pain of the right groin, which caused the automatic release of the quadriceps mechanism or muscle, which caused buckling of the right knee. On two occasions plaintiff sustained falls, or almost falls, by the buckling of her knee, once in the sanitarium and once while attending church. Dr. Taylor found plaintiff additionally suffering with osteochondritis, a roughening of the back surface of the *557 patella, or knee cap, which, he says, could have been caused by the accident.
We are convinced that Mrs. Wainwright has suffered considerable and aggravating pain for several months following her injuries and that in all probability, she will no doubt suffer some pain, discomfort and inconvenience hereafter, the duration of which is problematical and perhaps of prolonged duration.
Prior to the accident Mrs. Wainwright was apparently in good health and very active in her home and in church work; however, at the time of the trial she was only able to do the lighter portion of her household duties and had only begun to renew her church activities. There is testimony to the effect that she will never be able to fully resume all of these activities.
For our consideration as to the award to be made, defendant cited McNulty v. Toye Bros. Yellow Cab Co., La.App., 73 So.2d 23, 28, where a 46 year old lady was awarded $20,500 in the district court, which amount was reduced to $17,500 in the Court of Appeal for the First Circuit. As to her injuries the court said:
"The injuries sustained by Mrs. Bowen on August 2, 1950, were of a severe nature; she suffered excruciating pains for nearly two years, was bedridden for some fourteen months, several of which were spent in traction, a painful and most uncomfortable medical procedure. She was in and out of hospitals, the Baptist and the Foundation, about five or six times, our calculations showing that her hospitalization covered a total period of about seventy-seven days. In June 1951 she reached a state of despondency such as to cause her to attempt to take her life by ingesting an overdose of sleeping pills. At the trial some of the medical experts stated that it would require two years for a complete recovery, provided, however, that Mrs. Bowen continued to improve at the same rate as in the past."
Cited also was Baird v. Employers' Liability Assur. Corporation, La.App., 38 So. 2d 669, wherein the plaintiff was allowed $12,000 for a herniated invertebral disc which had to be corrected by surgery. Plaintiff experienced much pain, had residual injuries and underwent prolonged medical treatments, being placed at times in traction.
Cited as more nearly approximating the situation here is the case of Johnson v. Puyoulet, La.App., 47 So.2d 122, 123, wherein plaintiff fell on a slippery floor and, as reported in the opinion,
"* * * suffered serious and painful injuries. After she fell on the floor of defendant's store she was taken in an ambulance to Touro Infirmary. She suffered a fracture of the neck of the right femur, which required an open reduction, the use of pins to bring about union of the fractured parts. She was put in traction in the Touro Infirmary and remained in traction for three weeks. She remained in the hospital until December 5, when she was allowed to go home. "A calipher brace was placed on her leg before she left the hospital. This brace extended from her hip to her foot, and the record shows that she wore it for about five months. Plaintiff was under the care of her physician for over one year. Her injuries were attended with considerable pain and suffering."
An award of $3,500 was affirmed by the appellate court.
Also called to our attention was the case of Burke v. Toye Bros. Yellow Cab Co., La.App., 28 So.2d 369, 371, where plaintiff, a 63 year old woman, regularly employed prior to her injuries, sustained (quoting from the opinion):
"* * * general contusions of the body, a sprained left ankle and a disc injury of the seventh cervicle vertebrae of the spine. She was taken to the hospital where she remained for seven days. She returned to her home where she was confined to bed for several weeks, being regularly attended *558 by her physician, * * *. Thereafter she made weekly visits to the doctor's office for treatment.
"* * * testifying about twenty months after the accident, (her physician) stated that plaintiff was still suffering from the effects of the accident and suggested that she might obtain relief of the disc injury through surgery, which he described as a major operation."
An award of $4,000 was affirmed on appeal.
In Cassar v. Mansfield Lumber Company, Inc., La.App., 35 So.2d 797, 800, the court said:
"At the time of the trialfifteen months after the accidentMrs. Cassar complained of recurrent headaches, pain and swelling of the left thigh, insomnia and nervous disorders. * * *
"In addition to her subjective symptoms there was still visible a healed blood clot in the muscles of her left thigh."
The appellate court reduced an award of $5,000 to $3,500.
Plaintiff's injuries were stated in Thomas v. Quatre Parish Co., Inc., La.App., 38 So. 2d 520, 522, by the court to be as follows:
"She suffered a concussion of the brain, serious bruises all over the body, particularly in her chest; she had a fractured pelvis and knee and five ribs were broken. Her scalp was lacerated across the top requiring the taking of twenty-seven stitches and she also suffered a loss of one and injury to other teeth. She claims to be still suffering and that she has not recovered from her knee and pelvic injuries from which she will remain fifty per cent disabled."
An award of $7,500 was affirmed on appeal.
In Davis v. Midwest Dairy Products Corporation, La.App., 58 So.2d 741, plaintiff's injuries consisted of a compound, comminuted fracture of the right femur, complicated fractures of the left radius and ulna, together with lacerations about the head and face, and general contusions. This court held an award of $15,918.50, inclusive of expenses, excessive and reduced it to $6,517.23. In that case, plaintiff was confined to the hospital for some two weeks, was forced to use a wheel chair for five or six weeks and thereafter crutches for approximately five months. Plaintiff underwent three operations, was subjected to the administration of a general anaesthetic on four occasions, and suffered considerable pain during the process of treatment and during the course of convalescence. This court affirmed an award of $8,000.
A 38-year old widow in Law v. Osterland, La.App., 3 So.2d 674, 679, received injuries described by the court as:
"* * * various and numerous cuts and bruises over her entire body and multiple comminuted compound fractures of the left tibia and left fibula with projecture of the bones. Further, a flesh would between 6 and 8 inches long existed on the left leg from which part of the tissue had been gouged out. Found also were a cerebral concussion to the formation of the skull in the right temporal region, a scalp wound on the left side in the temporal region, lacerated wounds on the heel and knee of the left leg, and evidence of hemorrhage in the cerebral spinal system. The attending physician, at the time of the examination, thought she would live only four or five hours."
The evidence showed that she remained in a leg cast for nine months and that for eleven months after the accident she could walk only with the aid of crutches. She spent five weeks in the hospital immediately following the accident and on several occasions was re-admitted for short durations, and three months later underwent an open reduction operation. An award of $8,000 for suffering, pain, injury and loss of earnings was deemed correct.
*559 Although no two injuries are identical in every material particular and the facts of each case must be its determining factor, it is our considered opinion that the award to Mrs. Wainwright, under the facts and circumstances existing in this case, the extent and duration of the injuries and disabilities and the pain and suffering undergone and that which will probably be suffered hereafter, is clearly excessive and that $10,000 would probably be more in line with awards in similar cases and is adequate and sufficient to compensate her. We find, however, no manifest error in the award to Leo Wainwright.
For the reasons herein assigned, the judgment appealed from is amended by reducing the award to Mrs. Clotilde Wainwright to the sum of $10,000, and as thus amended the judgment appealed from is affirmed at appellants' costs.