PUTNAM, Judge ad hoc.
This is an appeal by Mrs,. Marguerite-Hinckley from a judgment awarding her damages for personal injuries and medical expenses totaling $5,970.12, suffered by her as a result of an automobile, accident that occurred on Scenic Highway in the City of Baton Rouge on October 5, 1956. Plaintiff’s suit was-, consolidated for trial with a companion: suit brought by the friend with whom she-was riding as a passenger on the date in question, Mrs. A. J. Melon, who has not appealed. In the Melon suit, our learned: brother below assigned written reasons for judgment which, in our opinion, succinctly and accurately summarize the facts reflected by this very voluminous record* and we reproduce tire pertinent portion thereof as follows:
“On October 5, 1956, Plaintiff,. Mrs. Arnaud J. Melon, accompanied: by Mrs. Marguerite Hinckley, was. driving her 1956 Plymouth automobile-north -on Scenic Highway and upon reaching the intersection of Scenic. Highway and Seminole Streets stopped, her vehicle in response to the sema *665 ■phore light signaling red for her vehi■cle at that intersection.
“Defendants, Wilbert Moore, operating a Ford automobile, and Steve Daniel, operating a Chevrolet automobile, were both proceeding south on ■Scenic Highway and their vehicles were in collision, after which, while Plaintiffs’ automobile was stopped at the intersection, the Moore automobile veered to its left into the pathway of the Melon automobile and struck it head-on. The Daniel vehicle veered to its right and left the highway.
“Suit was instituted against Wilbert Moore and his insurer, Provident Fire Insurance Company of Rochester, New Hampshire, and against Steve Daniel and his insurer, Employers Mutual Liability Insurance Company in solido, seeking damages for the Plaintiffs.
There is controversy as to how this accident occurred. From the evidence I am of the opinion that Moore and Daniel had engaged in a racing contest and that the accident between the Moore and Daniel vehicles occurred when the right front fender of the Moore vehicle struck the left rear of the Daniel vehicle, thereby throwing both vehicles out of control, the Moore vehicle striking Plaintiffs’ vehicle in the northbound travel portion of Scenic Flighway and the Daniel vehicle veering to the west side of Scenic Highway. In my opinion both of these drivers were guilty of negligence which resulted in these accidents and, in consequence, both are responsible for the ensuing damages to Plaintiffs.”
We concur with the trial judge in his findings of fact and the conclusions drawn therefrom as stated above, leaving for decision only the question of quantum of damages to be awarded to the plaintiff, Mrs. Marguerite Hinckley.
Briefly stated, the evidence shows that immediately following the accident this plaintiff was removed to Our Lady of the Lake Hospital in Baton Rouge, where she was seen by Dr. Castro. X-rays were taken of her pelvis and right leg, and she was permitted to return home that night after being given medication for the relief of pain. Subsequently, plaintiff was seen by this doctor on many occasions up to the date of trial in November of 1958. It was Dr. Castro’s opinion that that she had sustained the following injuries: multiple contusions of her right leg and right elbow; sprain of the right wrist and right ankle; strain of right hip; abrasions of the left leg; sacro-iliac strain, right sacro-iliac joint; contusions of chest and muscle strain of abdomen. Because of her repeated complaints of persisting pain in the area of her back, and complaints of weakness in her legs (which he could not completely justify), in order to eliminate the possibility of a ruptured intervertebral disc, plaintiff was referred to or consulted a number of other doctors, and was treated by them at various times in conjunction with Dr. Castro. She was also examined by Dr. Edelman at the defendants’ request. Weight reduction was recommended by all of these physicians (plaintiff being approximately five feet, two inches tall, and weighing in the neighborhood of two hundred pounds), and it was recognized by these doctors that her obesity was a factor that could, and undoubtedly did, prolong the duration of her recovery. No disc injury was established, and no other damage to the bone structure of her back or cervical spine was discovered, despite repeated X-rays.
There is no point in reviewing the great mass of medical testimony at length. Plaintiff undoubtedly suffered painful, but not permanent, injuries in this accident; and considering the record as a whole, it is equally clear to us that her complaints are somewhat magnified.
Assessment of damages in cases of this nature becomes a most difficult task. Our jurisprudence is replete with many instances of varying awards to which *666 counsel for plaintiff and counsel for defendants have referred us with unusual diligence. These cases serve to illustrate with emphasis the proposition that awards of damages in personal injury actions must facts of each case. The amount allowed this plaintiff, totaling $5,970.12, including necessarily vary according to the peculiar $1,470.12 medical expenses, is neither excessive nor inadequate and is not inconsistent with the jurisprudence. There being no manifest error, the judgment of the trial judge should not be disturbed on appeal. Wainwright v. Globe Indemnity Co., La.App., 75 So.2d 554, and authorities therein cited.
For the foregoing reasons, the judgment appealed from is
Affirmed.