ELLIS, Judge.
Plaintiff filed this suit seeking damages jointly and in solido from Elvira Scott and her common-law husband, Elmo Augustus, resulting from an alleged conspiracy Qn their part to defame and injure plaintiff’s good name and moral character by malicious and slanderous statements which quéstioned the petitioner’s virtue, chastity and faithfulness to her husband, and which plaintiff alleged were entirely false, scandalous, malicious and defamatory of her good name, fame, credit and reputation and caused injuries to her reputation, as well as humiliation, worry, mental pain and suffering, for which plaintiff sought the sum of $3,000.
The defendants filed a general denial, the case was duly tried and judgment was rendered against both defendants, in solido, in the sum of $1,000, with legal interest and all costs. On July 16, 1957 the minutes reveal that on motion of counsel for defend-ánt an order of appeal was entered “herein in • the alternative, on behalf of Elmo Augustus only * * * ”.
No appeal was taken by the plaintiff, however, in this court she has filed through her counsel an answer to the appeal which reads in part:
"“Now into court, * * * comes Queen Mary McKnight * * * to answer the appeal filed by defendants, Elvira Scott,- and Elmo Augustus, * * *»
in.which plaintiff prays that the judgment appealed from be amended by increasing the amount awarded to plaintiff from $1,000 against the defendants in solido to $3,000 “against the defendants in solido.”
In view of the fact that Elvira Scott did not appeal from the judgment in favor of the plaintiff and against her, the answer to the appeal by the plaintiff can only apply to the appeal perfected by the codefendant Elmo Augustus, Elvira Scott occupies the same status as appellee before this court as the plaintiff which resulted from the appeal taken by the codefendant Elmo Augustus. Under the circumstances the judgment for plaintiff against Elvira ■Scott is final. Plaintiff’s remedy if she wished it changed in any respect was by an appeal from the judgment in her favor as against Elvira Scott. We can therefore only consider the appeal taken by the defendant Elmo Augustus and the answer to that appeal by the plaintiff. See Steckler v. Spicuzza, 15 La.App. 485, 132 So. 382; Breaux v. Laird, 230 La. 221, 88 So.2d 33.
Although we are not concerned with the judgment against Elvira Scott other than as it might affect the codefendant, we have no hesitancy in stating that the record fully substantiates the charge that she maliciously and without provocation defamed the plaintiff by her false and slanderous charges to various and sundry people including plaintiff’s neighbors, members of her church, and her employer. The slander by Elvira Scott was committed and continued for several years but it was not until she communicated with plaintiff’s employer and told her that the plaintiff had a venereal disease that the appellant became involved and allegedly made slanderous remarks about the plaintiff to the latter’s husband. As a result of Elvira Scott’s talk with Mrs. Cook, plaintiff’s employer, Dr. Lloyd G. Perez, examined the plaintiff for a venereal disease in November, 1956. He testified that he had also examined her on other occasions, being at the birth of her - children. In November of 1956 the doctor stated that the plaintiff came to him in a very upset condition and stated that someone had accused her of having the disease and she was worried about losing her position with Mrs. Cook. As a result of the examination- the doctor testified that the test was negative and non-reactive, that the plaintiff did not have any .venereal disease.
The plaintiff’s husband testified that he came home from work and that the plaintiff was worried and upset because of Elvira Scott’s accusation in her talk with *683 plaintiff’s employer and when he learned the details he went to the home of Elmo Augustus and Elvira Scott. While his account of the visit and ensuing conversation with Augustus is difficult to understand and garbled, it is clear that the appellant became enraged and at one time in the conversation stated that the plaintiff “ain’t nothing but a whore.” Plaintiff’s husband testified that he went over to the appellant’s home in order to try to get him to intercede with Elvira Scott so that she might refrain from further slanderous remarks and accusations against the plaintiff. It seems that a crowd or a number of the neighbors gathered and heard the conversation between Augustus and plaintiff’s husband as well as the alleged slanderous remarks by Augustus.
In addition the appellant on the trial of the case attempted by his testimony to justify his slanderous remarks as well as the accusations and slanderous remarks over a period of several years made by his common-law wife, Elvira Scott. He testified that he took the plaintiff to a rooming house in Baton Rouge at the corner of South 14th and Julia Streets and that he had contracted a venereal disease on that occasion from Queenie McKnight. This particular testimony by the appellant was discredited by Stanley L. Perry, a witness who went to the address given by the appellant as the rooming house where he allegedly had the illicit relations with plaintiff. Perry testified that the address given by the defendant had no rooming house on the block and that no rooming house had ever been in existence on the corner within the past five years.
Plaintiff has failed to prove any conspiracy to defame and slander her between Elvira Scott and the appellant. It is also clear that Elvira Scott’s defamation of the plaintiff was over a period of several years and was widespread and relentless, whereas the appellant’s slander of the plaintiff was apparently confined to one occasion which we have outlined prior to the trial and his testimony on the trial.
This brings us to the question of the correctness of the judgment in solido, and quantum.
 In the case of McGee v. Collins, 156 La. 291, 100 So. 430, 433, 34 A.L.R. 336, the Supreme Court of Louisiana held that while a published libel may be the joint action of two or more individuals or corporations, in slander the words of each person uttering it is an entire and distinct offense and two or more persons cannot jointly be sued for slander.[1] In this case the Court stated:
“With respect to the several insurance companies and their agents and solicitors the allegations of conspiracy made in the petition, when taken in connection with the resolutions of the Underwriters’ Association and the publication headed ‘Parasites and Pirates,’ show a sufficient community of interest and singleness of purpose as to authorize the joinder of all of said companies and their agents in one suit.
“As said by the author in Newell on Slander and Libel (3d Ed.) p. 467:
“ ‘But with libel it is different; the publication of a libel may be the joint act of two or more persons, who may in such case be sued either jointly or separately at the election of the plaintiff.’
“But, while this is true as regards the published libel which may be the joint act of two or more individuals or corporations, it is not so with respect to an action for slanderous words, for *684 the reason that the words of one person are not the words of the other. The words of each constitute an entire and distinct offense.
“In Duquesne Distributing Co. v. Greenbaum, 135 Ky. 182, 121 S.W. 1026, 24 L.R.A. (N.S.) 955, 21 Ann.Cas. 481, it was said:
“ ‘All the authorities are agreed that slander, which is an oral utterance of defamatory matter, must necessarily be committed by an individual. Two or more persons cannot in the very nature of things jointly utter the same words. Each must and does speak for himself, and each is liable for his own language. A dozen persons might repeat identically the same slanderous words at one and the same time or at different times, and each would be liable in an action against the individual; but two or more of them could not be jointly sued.’
“In the above case a further reason was pointed out why two or more persons could not be joined in an action for personal slander by words, and it is this, that the same words spoken by one may occasion greater injury than those spoken by another, and that each should be responsible only for the injury inflicted by his own independent act. The author cites Cooley on Torts, p. 124.
“The application of the rule to the instant case is apparent. The three individuals could not be held, jointly or separately, for the alleged libel of the insurance companies, nor could the insurance companies, separately or collectively, be held liable for the slanderous words of tlie three individuals.
“Admittedly, the libel (if it is a libel) charged against the insurance companies in the very nature of the case would cause the plaintiff to suffer much greater damage than would the mere defamatory words attributed to the individuals.”
Also see Mundy v. Gentilly Oaks, 228 La. 509, 82 So.2d 849, at pages 850, 852, in which McGee v. Collins and other authorities are cited in Footnote 2.
Under the facts and circumstances of this case and the law applicable, appellant should not have been cast in solido with his codefendant, Elvira Scott. The judgment as to Elvira Scott must stand in this respect as no appeal was taken by her nor by the plaintiff complaining of the judgment in her favor and against Elvira Scott.
Considering the record, we believe an award of $500 in favor of the plaintiff and against the defendant would be adequate.
It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Queen Mary McKnight, and against the defendant, Elmo Augustus, in the full sum of $500, together with legal interest from judicial demand and all costs.
As amended the judgment of the Lower Court is affirmed.
Amended and affirmed.

. We are not going to concern ourselves ■with the question of misjoinder but only with the correctness of the judgment in solido against two defendants guilty of a different degree of slander and uttered independently of each other and on different occasions. Neither are we considering tlie effect of Article 462 of the LSA-Code of Civil Procedure, Book I, Title II, dealing with cumulation of actions.