SAMUEL, Judge.
Plaintiff instituted this suit, in his individual capacity and as natural tutor of his minor son Emile K. Hebert, for personal injuries sustained by the son and damages sustained by plaintiff as a result of an automobile collision involving two vehicles. Defendants, Mrs. Mae Farring-ton, the driver of the defendant automobile, her husband and their automobile liability insurer, answered denying negligence on the part of Mrs. Farrington and specially pleading contributory negligence on the part of young Hebert, the driver of the plaintiff vehicle. Although not revealed by the record, we are informed by counsel that young Hebert subsequently reached the age of majority and appeared in his own behalf. ,
After trial there was judgment in favor of the defendants and against the plain *790 tiffs, dismissing their suit. The judgment is based on a finding of negligence on the part of the plaintiff driver in not keeping a proper lookout and in failing to keep his car under proper control, which negligence proximately caused the accident and therefore barred a plaintiff recovery. Plaintiffs have appealed.
In this court plaintiffs contend: (1) the judgment is contrary to the facts in that, under the evidence adduced, the trial court should have found the plaintiff driver free of negligence and the defendant driver guilty of negligence; and (2) the judgment of the trial court failed to take into consideration the absence of a defendant witness.
Relative to the manner in which the accident happened the record contains only the testimony of two witnesses called by the plaintiffs, young Hebert and a deputy sheriff who arrived on the scene after the accident had occurred, and four defense eye witnesses, Mrs. Farrington, two ladies who were passengers in her car and another lady who, although a member of her party, was a passenger in another car. The testimony is in conflict in only a few material respects, particularly as to the time when the defendant vehicle crossed from the right to the left lane of traffic and where the impact took place with regard to the highway. On these conflicts the trial judge found against the plaintiffs, a finding with which we are in agreement. According to our appreciation of the record, the pertinent facts are:
The accident occurred on the West Bank Expressway shortly before 6 a. m. on May 21, 1965. The weather was overcast and the roadway was damp or wet. The expressway is a paved highway divided by a neutral ground on each side of which are two lanes for westbound traffic and two lanes for eastbound traffic. Mrs. Farring-ton and four other ladies were on their way from Marrero to Grand Isle where she had a cottage. Two of those ladies were passengers in Mrs. Farrington’s car and the remaining two were the driver and a passenger in another car following the defendant automobile in the right lane of westbound traffic.
Realizing she had forgotten the cottage key, Mrs. Farrington signaled the other automobile which turned into the left traffic lane and caught up with the defendant car. The two vehicles proceeded ahead slowly while Mrs. Farrington told the passenger in the other car that she had forgotten the key, would return to her home in Marrero to get it and would meet the other car farther on the way to Grand Isle. The other car than turned back into the right traffic lane behind Mrs. Farrington and she put on her turn indicator and crossed to the left traffic lane.
With the other car then a distance of about a block behind her in the right lane, the defendant driver proceeded forward in the left lane at about 5 miles per hour looking for a turnaround which she intended using for the purpose of making a U-turn into the eastbound lanes of the expressway. She saw such a turnaround after traveling slightly more than half a block, entered the same, and stopped her car in the neutral ground area because of an approaching automobile in an eastbound lane. The defendant vehicle was struck by the plaintiff car just after the former had come to a stop in the turnaround.
The plaintiff automobile had been traveling behind the defendant vehicle in the left westbound lane at a speed of approximately 40 miles per hour. The right front and side of the plaintiff car struck the left front and side of the defendant vehicle. After the impact the defendant vehi *791 cle remained stationary in the neutral ground area; the plaintiff car continued across the neutral ground and came to a stop in the eastbound left traffic lane, almost colliding with the vehicle approaching in that lane.
Under these circumstances we are of the opinion the plaintiff driver was not keeping a proper lookout ahead and this inattention to his duties, togeher with the apparent lack of control over his vehicle, constitute negligence so clear as to require no further discussion. See Cotton v. Bartoneau, La.App., 199 So.2d 17; Williams v. Bologna Brothers, Inc., La.App., 194 So.2d 131; Ward v. State Farm Mutual Automobile Ins. Co., La.App., 182 So.2d 130.
We are also of the opinion plaintiffs’ second contention, that the trial judge failed to take into consideration the absence of a defense witness, is without merit. The defense witness referred to is a Mrs. Trosclair, one of the ladies proceeding to Grand Isle with Mrs. Farrington. Mrs. Trosclair was the driver of the other car occupied by herself and another member of the party.
Just before closing his presentation of the case counsel for the defendant informed the court he had subpoened Mrs. Trosclair as a witness and subsequently she informed him she had received the subpoena. However, he didn’t believe she was present. He stated he was not going to ask for a continuance since he didn’t consider her testimony necessary to his case, but he did not wish to be prejudiced as a result of her absence. The court then took a short recess and had its deputy sheriff call Mrs. Trosclair. She was not found and thereafter counsel for the defendant closed his case.
Defendants’ failure simply to request a continuance for the purpose of taking the testimony of Mrs. Trosclair does not raise a presumption that such testimony, if taken, would have been unfavorable to the defense.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.