BOLIN, Judge.
Raymond L. Tucker was riding his motorcycle south on Highway #79 in Homer, Louisiana. Bill Pitts was driving his pickup truck on the same highway in the opposite direction and was making a left turn in order to enter a commercial shopping center. While the truck was in the process of turning left and was in Tucker’s lane of travel it was struck on the right side by the motorcycle. Tucker sued Pitts for property damage to his motorcycle, medical expenses and personal injuries. Following trial the judge visited the scene of the accident and gave written reasons for his judgment. He found defendant negligent in making the left turn and absolved plaintiff of the charge of contributory negligence. From judgment in favor of plaintiff for $275 for special damages and $2500 for his injuries defendant appeals.
Appellant specifies the lower court erred in finding defendant guilty of negligence, in failing to find plaintiff contributorily negligent and, alternatively, in awarding excessive damages.
The transcript of testimony is brief. There were no photographs or sketches filed to show the physical layout of the vicinity where the accident occurred. Since the trial judge visited the scene he had a much better opportunity to make a correct appraisal of the facts than does this court. However, being mindful of our constitutional duty to review both the legal and factual issues, we shall briefly relate the events as we understand them.
The accident occurred during daylight hours and visibility was good although the highway was wet from a . recent rain. Pitts was proceeding north intending to turn left into the entrance of a shopping center on the west side of the highway. As Pitts neared a point opposite the driveway he slowed his vehicle and waited for an oncoming car to pass. He then gave an arm signal indicating his intention to turn left and proceeded across the southbound traffic lane toward the shopping center entrance. While the truck was approximately in the center of the southbound lane it was struck by the Tucker motorcycle which was being driven south. Immediately prior to the accident Tucker had entered Highway #79 from a side street which formed a T-intersection from the east not more than 75 yards north of the point of impact.
Located on the west side of the highway, almost directly in front of where Tucker entered Highway #79, there was a service station operated by Mr. Hollens-head, who saw the cyclist enter the main road and was a witness to the accident. Both plaintiff and Hollenshead testified Tucker was operating his vehicle at a reasonable rate of speed. Tucker said his motorcycle was in second gear and he knew he was not traveling in excess of 30 miles per hour at the time of the collision. When Tucker was approximately 20 yards from the oncoming Pitts truck he observed the truck driver give a left-turn signal and immediately turn left into his path. Because of a concrete embankment to his right and oncoming traffic to his left, ■ Tucker was unable to maneuver his cycle evasively and was forced to apply his brakes. Due to the slippery surface of the road his brakes were ineffective in stopping his cycle and he “laid it on its side” and slid into the truck.
*665 La.R.S. 32:104(A) provides:
“No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
Our courts have uniformly held that the above statute imposes a high degree of care upon a left-turning motorist. We agree with the trial judge that Pitts was guilty of negligence in failing to take the necessary precaution before making the left turn to ascertain whether the maneuver could be made in reasonable safety. It is not enough for a left-turning motorist merely to give the proper signal; he should constantly observe all approaching traffic. If Pitts had made such a constant observation he would, or should, have seen plaintiff’s motorcycle approaching from the opposite direction. There is no evidence of any excuse or reason why Pitts should not have observed plaintiff at least 35 or 40 yards before he began his left turn.
We also agree with the trial judge that defendant has not borne the burden of proving plaintiff guilty of contributory negligence. There is nothing in the record to indicate plaintiff was not observant or that he was operating his cycle at an unreasonable rate of speed. When he first noticed Pitts making a left turn in front of him Tucker was faced with a sudden emergency not of his own making and thereafter he did everything he could to avoid the collision.
Appellant claims, in the event we affirm the lower court’s finding of negligence, that the award of $2500 for physical pain and suffering was excessive.
We conclude from the very nature of the accident plaintiff must have suffered excruciating pain. In an effort to stop his cycle he turned it sideways" and slid along the surface of the blacktop road for some distance. This maneuver resulted in bruises, abrasions and “brush burns” to plaintiff as well as a cerebral concussion. He was X-rayed and examined in the emergency room of the hospital where he received a tetanus shot, his wounds were cleaned and treated and he was given medication for pain. He returned to the doctor on two or three subsequent occasions and received medication for headaches. The medical testimony convinces us Tucker suffered from headaches almost constantly for a month or six weeks. However, he made no claim for permanent disability. We find the evidence amply supports the award of $2500 and the trial judge did not abuse the discretion vested in him.
For the reasons assigned the judgment is affirmed at appellant’s cost.