LeSUEUR, Judge.
David Jones, a stranger to this area, left New Orleans International Airport, on August 22, 1964, by autombile looking for New Orleans. By mistake, he turned north on U.S. Highway 61 rather than south. Within some three miles, however, he discovered his error and attempted a U-turn, a maneu *267 ver which precipitated the three-vehicle rear-end collision now at bar.
The second and third vehicles involved in the collision were driven, respectively, by Nicholas DeFiore and George DeYoung. Suits were filed by Jones and Mr. and Mrs. Eves Breaux, Jr., guest passengers in the second vehicle (DeFiore). The cases were consolidated for trial.
The trial judge held each driver negligent and dismissed all claims save those made by Mrs. Breaux against all' three drivers. An appeal was lodged by Jones as plaintiff but not as a defendant with respect to Mrs. Breaux. Appeals were also perfected by Home Insurance Company (insuring De-Fiore and the second vehicle) and the Manhattan Fire and Marine Insurance Co. (insuring DeYoung and the third vehicle). All other phases of the multiple judgment are final and not before this court.
The operative facts are hotly disputed. It does seem clear, however, that all three vehicles were headed north on the inside or neutral ground lane of U.S. 61, a four-lane divided highway, when Jones attempted his turn. He contends, with some corroboration from those behind him, that he actually made two attempts at a U-turn, passing the first break in the seven-foot neutral ground because he was travelling too fast for safety. His testimony is that he then accelerated a bit before hitting his turn indicator and brakes simultaneously some 100 to 150 feet from the second turning point. He maintains that he had stopped, waiting for an opening in southbound traffic, when he saw DeFiore bearing down upon him from the rear and realized he would be unable to stop. He then tried to squeeze further into the neutral ground, to no avail.
The most significant fact at bar, however, is entirely undisputed. It had rained that morning and the roadway was wet and slick. The trial judge concluded that, under these circumstances, Jones had not given adequate notice of his intention to turn and had stopped too abruptly. He further found that, facing the same road conditions, both DeFiore (who contended, without corroboration, that he was propelled into Jones by DeYoung) and DeYoung were driving too fast and following too closely.
We are reluctant to interfere. The wet high-speed highway, the widely differing testimony and the concomitant issues of judgment and credibility, are all factors which prudently and reasonably require the imposition of the manifest error rule. We do not hesitate to forego further review of the negligence of DeFiore and DeYoung in favor of the judgment and measured discretion of the trial judge. Evans v. Thorpe, La.App., 175 So.2d 418 (2nd Cir. 1965); and Byrnes v. Bostick, La.App., 214 So.2d 179 (4th Cir. 1968).
The decision that Jones was negligent is another matter. It was reached in terms of “the high degree of care imposed upon a left or U-turning motorist,” a doctrine of substantial merit, but, as Jones argues, of sometimes unfortunate application. It is difficult, for example, to reconcile a decision such as Tucker v. Pitts, La.App., 230 So.2d 663 (2nd Cir. 1970), which requires that a left turning motorist constantly observe all approaching traffic with a decision such as Templet v. Walters, La.App., 204 So.2d 429 (4th Cir. 1967), which requires that the same motorist exercise the highest degree of care with regard to overtaking traffic. Decisions which give the left turning motorist the unquestioned right to rely on the assumption that following traffic will observe the duties imposed by law and the demands of common sense, must also be fitted into this complex structure. See Breland v. American Insurance Company, La. App., 163 So.2d 583 (2nd Cir. 1964) ; Green v. Plummer, La.App., 119 So.2d 862 (1st Cir. 1960); Newman v. Southern Farm Bureau Casualty Ins. Co., La.App., 110 So. 2d 816 (1st Cir. 1959); and Faulkner v. Ryder Tank Lines, Inc., La.App., 135 So.2d 494 (2nd Cir. 1961).
*268 More than one court has struggled with the inconsistency. In Paggett v. Travelers Indemnity Company, La.App., 99 So.2d 173 (2nd Cir. 1957), at p. 176, the court observed :
“ * * * We very much fear that our courts may have been guilty of some overemphasis in the establishment and reiteration of this rule, which has resulted in the assumption that the driver of a vehicle who undertakes a left-hand turn is guilty of negligence, per se, in the event an accident occurs. Certainly, this result was never intended. * * *
See also Breland v. American Insurance Company and Faulkner v. Ryder Tank Lines, Inc., supra.
We share these fears. It is not enough, in our view, to simply couple the litany of care with the bare fact of accident to support a conclusion of negligence, at least with reference to following traffic. Rather, such a conclusion demands a healthy respect for the particular facts before the court, for the assumptions upon which the motorist may rely, and for the primary duty of the motorist to watch ahead, guarding against the unparalleled horror of a head-on or nearly head-on collision. Picou v. Allstate Insurance Co., La.App., 206 So.2d 99 (4th Cir. 1968); and Cotton v. Bartoneau, La.App., 199 So.2d 17 (4th Cir. 1967).
These principles, however, do not and cannot consistently require reversal in this case or any other particular action. Here, the most significant particular fact lies in the wetness of the highway. Jones, like DeFiore and DeYoung, was aware of this hazard and should have regulated his driving within the limits imposed by this hazard upon an open highway. We see no manifest error in the trial judge’s determination that he failed to do so.
For these reasons, the judgment appealed from is affirmed, at appellants’ cost.
Affirmed.